UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **CHRISTOPHER CHANDLER,** | **CIVIL ACTION NO. 5:14-360-KKC** |
| **Plaintiff,** | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **KIARA HUDDLESTON,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion to Intervene filed by Cassandra Jones (DE 12). This case involves a child custody dispute wherein plaintiff Christopher Chandler alleges that his six-year-old daughter, A.C., was improperly withheld from him by social worker Kiara Huddleston. Chandler brought suit in Clark Circuit Court against Huddleston, individually and in her official capacity as a caseworker for the Kentucky Cabinet for Health and Family Services, asserting violations of his due process rights under 42 U.S.C. § 1983 and Kentucky law as well as a state law outrage claim. (DE 1-1). After the matter was removed to this Court (DE 1), Chandler filed a motion to amend the complaint. He seeks to add various claims on his own behalf and on behalf of A.C., as her next friend, and to name Cassandra Jones, A.C.'s biological mother; Susannah Price, Chandler's former girlfriend; and Kerensa Northern, Cabinet employee; as defendants. (DE 8). Before the Court ruled on Chandler's motion to amend the complaint, Jones filed a motion to intervene, arguing that she is entitled to intervene in this action as a matter of right. (DE 12). Chandler contends that Jones cannot satisfy the requirements for intervention. (DE 14). For the reasons stated below, Jones' motion to intervene will be denied.

Rule 24(a) of the Federal Rules of Civil Procedure provides that certain parties are entitled to intervene in a lawsuit as a matter of right. "[T]o intervene as of right under Rule 24(a)(2), a proposed intervenor must establish the following four elements: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *United States v. Michigan,* 424 F.3d 438, 443 (6th Cir. 2005) (citation omitted). Rule 24 is construed broadly in favor of the proposed intervenor. *Purnell v. Akron,* 925 F.2d 941, 950 (6th Cir. 1991). In this case, however, Jones cannot demonstrate that she has a substantial legal interest so she has not satisfied the requirements of Rule 24(a)(2).

The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). It has instructed lower courts to construe the term "liberally." *Bradley v. Milliken,* 828 F.2d 1186, 1193 (6th Cir. 1987). The Sixth Circuit has explained that "an intervenor need not have the same standing necessary to initiate a lawsuit." *Miller*, 103 F.3d at 1245 (citing *Purnell*, 925 F.2d at 948). Additionally, the Sixth Circuit has "cited with approval decisions of other courts 'reject[ing] the notion that Rule 24(a)(2) requires a specific legal or equitable interest.'" *Id.* (citations omitted). Still, this jurisprudence does not mean that "any articulated interest will do." *Coal. to Defend Affirmative Action v. Granholm,* 501 F.3d 775, 780 (6th Cir. 2007) (citations omitted). Rather, would-be intervenors must show "a direct, significant legally protectable interest" in the subject matter of the litigation. *United States*

*v. Detroit Int'l. Bridge Co.,* 7 F.3d 497, 501 (6th Cir. 1993) (citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).

Jones asserts that she has "a protected interest in not being named as a defendant in an action which the Plaintiff cannot sustain pursuant to 42 U.S.C. 1983." (DE 12 Mot. to Intervene at 2-3.) However, Jones' argument is premature and unavailing. As Jones notes, the complaint currently before the Court is plaintiff's state court complaint containing allegations only against Huddleston (DE 1-1). Thus, to determine whether Jones can intervene as matter of right, the Court must decide if Jones "claims an interest relating to the property or transaction that is the subject of the action" between Chandler and Huddleston. Fed. R. Civ. P. 24(a)(2). The subject matter of this action is limited to Huddleston's allegedly improper withholding of A.C. from her father, plaintiff Chandler. Chandler alleges violations his due process rights under federal and state law and a state law outrage claim. None of the claims raised in this litigation bear on an interest, economic or otherwise, possessed by Jones. In other words, Jones does not stand "to gain or lose by the direct legal operation" of this Court's final judgment on the complaint. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991); *see Granholm*, 501 F.3d at 783 (holding parties could not intervene as a matter of right because they lacked a "substantial legal interest in the outcome of [the] case").

Further, Jones cites no authority for her sole argument that she has an interest in not being named a defendant in an allegedly futile lawsuit. It appears that Jones' motion to intervene is actually a premature motion to dismiss for failure to state a claim upon which relief can be granted. Assuming the Court grants plaintiff's motion to amend the complaint, Jones will be able to file a dispositive motion to contest the claims asserted against her at that time.

Therefore, because Jones cannot demonstrate that she has a substantial legal interest in the subject matter of the litigation between Chandler and Huddleston, **IT IS ORDERED** that Jones' motion to intervene (DE 12) is **DENIED**.

Dated April 28, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY