**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

| | |
|---|---|
| **CHRISTOPHER CHANDLER,** | **CIVIL ACTION NO. 5:14-360-KKC** |
| **Plaintiff,** | |
| **V.** | **MEMORANDUM OPINION AND ORDER** |
| **KIARA HUDDLESTON,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Christopher Chandler's Motion to Amend the Complaint (DE 8) and Defendant Kiara Huddleston's Motion for Judgment on the Pleadings, or in the alternative, Motion for Summary Judgment (DE 1-3). For the reasons stated below, the Court will grant in part and deny in part Chandler's motion to amend the complaint and will deny Huddleston's motion as moot, with leave to reassert the motion against the amended complaint.

**I. BACKGROUND[1]**

This case involves a child custody dispute wherein plaintiff Christopher Chandler alleges that A.C., his six-year-old daughter, was improperly withheld from him by Kiara Huddleston, a caseworker for the Kentucky Cabinet for Health and Family Services (KCHFS).

Christopher Chandler and Cassandra Jones are A.C.'s biological parents. Pursuant to a 2012 agreement, Chandler and Jones shared joint custody of A.C., but Chandler was designated A.C.'s primary residential custodian. (DE 6-1.) Chandler resides in Clark

---
[1] The facts are recited in the light most favorable to Chandler.

County, Kentucky, and Jones resides in Rowan County, Kentucky. On June 17, 2014, Jones asked the Clark County Family Court to modify the joint custody agreement, so that A.C. would reside with her in Rowan County. In support of her request, Jones alleged that A.C. was not progressing in school or with her speech development and that A.C. was not properly dressed for school. A Guardian ad Litem was appointed to investigate and a Case Management Conference was scheduled before the Clark Family Court on August 5, 2014. While A.C. was legally residing with Jones in early August of 2014, Chandler's former girlfriend, Susannah Price, filed a domestic violence complaint against him. Price also reported to KCFHS that Chandler had engaged in inappropriate sexual behavior with A.C.

On August 5, 2014, the pre-arranged Case Management Conference was held in Clark County Family Court. Jones, through counsel, informed the court of Price's allegations. The Case Management Conference was postponed until September 23, 2014, in order to provide the Guardian ad Litem time to investigate the new allegations. In the end, the court declined to grant Jones' motion to modify the joint custody agreement.

On August 6, 2014, in response to Price's allegations, Kiara Huddleston, a caseworker for the Kentucky Cabinet for Health and Family Services, drafted a "Prevention Plan" which stated that the "[c]hild is to have no contact with father pending investigation." (DE 6-4.) The Prevention Plan was signed by Jones and Huddleston, but not Chandler. (DE 6-4.) Huddleston then called Chandler to inform him that A.C. would be temporarily residing with Jones and attending school in Rowan County. Chandler objected to the plan, citing his right to custody of A.C. and the fact that A.C. had always been a Clark County school system student. Huddleston scheduled an interview with Chandler the following day, but she later cancelled the interview. On August 7, 2014, Chandler was contacted by Kentucky State Police Detective Mike Keaton, who informed plaintiff that "social services,

2

through . . . Huddleston, had placed the child with . . . Jones and his child would not be returning pending an investigation." (DE 1-1 Comp. at 5.) Under the parties timesharing arrangement Jones was to return A.C. to Chandler's custody on August 8, 2014. (DE 6 at 3.) This transfer never occurred.

On August 12, 2014, Chandler filed suit in Clark Circuit Court against Huddleston, individually and in her official capacity as a caseworker for KCHFS, asserting violations of his due process rights under 42 U.S.C. § 1983 and Kentucky law, a Takings Clause claim, as well as a state law outrage claim. (DE 1-1). Subsequently, Kerensa Northern, Huddleston's supervisor, was substituted as the active caseworker in this matter.

On August 21, 2014, the Clark County Family Court heard testimony and, subsequently, issued an Emergency Custody Order. (DE 8.) Northern attested that that the Cabinet had received a report of neglect regarding A.C. on August 5, 2014, containing allegations that A.C. was a risk of sexual harm due to her father, Plaintiff Chandler. (DE 8-1 at 6) Northern further stated that after A.C.'s interview at the Children's Advocacy Center, "there are concerns that she has potentially been exposed to sexual behaviors by . . . Chandler" and that further interviewing had been recommended. (DE 8-1 at 6). Plaintiff claims that Northern made these claims, among others, in bad faith.

Defendant Huddleston removed the case to this Court on September 9, 2014. (DE 1.) Prior to removal, Huddleston filed a motion for judgment on the pleadings, or alternatively, a motion for summary judgment. (DE 1-3). She argues that she is entitled to qualified immunity as to Chandler's individual capacity claims, and that the official capacity claims are barred by sovereign immunity. The motion was unresolved at the time of removal.

On October 9, 2014, Chandler filed a motion to amend his complaint. (DE 8). His tendered amended complaint incorporates the allegations of the original complaint and

3

expands by providing factual information about events that occurred after the original complaint was filed on August 12, 2014. Further, the amended complaint seeks to add a new plaintiff, A.C., to this action and to join three new defendants: Cassandra Jones, Susannah Price, and Kerensa Northern in both her individual and official capacities. In total, the proposed amended complaint asserts nine causes of action: Count I— asserts that Huddleston, Northern, and Jones violated Chandler's Fourteenth Amendment procedural due process rights under 42 U.S.C. § 1983;[2] Count II—asserts that Huddleston, Northern, and Jones violated Chandler's Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983; Count III—asserts that Huddleston, Northern, and Jones withheld A.C. from Chandler in violation of KRS 620.060 through KRS 620.110 and the United States Constitution; Count IV—asserts that Jones and Price wrongfully used civil proceedings under Kentucky law; Count V—asserts that Huddleston, Northern, Price, and Jones committed the tort of outrage against Chandler under Kentucky law; Count VI— asserts that Huddleston, Northern, and Jones seized A.C.'s person in violation of the Fourth Amendment for an initial 14 days; Count VII— asserts that Huddleston, Northern, Jones, and Price seized A.C.'s person in violation of the Fourth Amendment for an additional 27 days; Count VIII— asserts that Huddleston, Northern, and Jones violated A.C.'s Fourteenth Amendment procedural due process rights under 42 U.S.C § 1983; and Count IX— asserts that Huddleston, Northern, Price, and Jones committed the tort of outrage against A.C. under Kentucky law.

In response to the motion to amend the complaint, Defendant Huddleston contends that the proposed amendments are futile and could not survive a motion to dismiss under

---

[2] The "Cabinet for Health and Family, Protection Services" is listed as a defendant in Counts I, II, III, VI, VII, and VIII of the proposed Amended Complaint. However, because the Cabinet was not named or served as a defendant in this action, the Court will construe these counts as asserting claims against Huddleston and Northern in their official capacities as caseworkers for the Cabinet.

the pleadings standards established by *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II. ANALYSIS

### A. FEDERAL RULE OF CIVIL PROCEDURE 15

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings with the court's leave, which "[t]he court should freely give. . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A court, however, need not grant leave to amend under Rule 15 if the amendment would be futile. *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir. 2005); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 519 (6th Cir. 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller,* 408 F.3d at 807 (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.,* 632 F.2d 21, 23 (6th Cir. 1980)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). However, "[m]atters outside of the pleadings are not to be considered by a court in ruling on a . . . motion to dismiss." *Weiner v. Klais and Co., Inc.*, 108 F.3d. 86, 88 (6th Cir. 1997).

B. OFFICIAL CAPACITY CLAIMS AGAINST KCHFS EMPLOYEES

All of Plaintiff's 42 U.S.C. § 1983 official capacity claims against KCHFS employees can be dealt with summarily because they fail to state a claim upon which relief could be granted. These claims are effectively improper claims against a state agency, which is not a suable "person" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 n.10 (1989). Thus, allowing submission of amended Counts I, II, III, VI, VII, and VIII containing official capacity claims against KCFHS officials would be futile.

C. CLAIMS AGAINST HUDDLESTON INDIVIDUALLY

Huddleston seeks to incorporate the arguments from her summary judgment motion as bases for denying Plaintiff's motion to amend. Many of those arguments, however, either refer to matters outside the pleadings, or relate to her immunity defenses. While matters may be properly considered on a motion for summary judgment under Federal Rule of Civil Procedure 56, they are not grounds for denying a request to amend a complaint. Fed. R. Civ. P. 15(a)(2). "By the plain terms of § 1983, two-and only two-allegations are required in order to state a cause of action under that statute[; f]irst, the plaintiff must allege that some person has deprived him of a federal right[; s]econd, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiffs are not required to anticipate possible immunity defenses in order to state a facially valid claim. Thus, Huddleston's reliance on immunity defenses is premature.

Huddleston also argues that Plaintiff's § 1983 claims should not be amended because she did not engage in actionable conduct. She does not dispute the validity of the right asserted by the Plaintiff, but instead argues that Jones' conduct, not her own, was the only possible cause of any deprivation. (DE 1-3.) Further, she argues, even if Jones retaining

6

custody of the child violated Plaintiff's rights, she had no affirmative duty to prevent the deprivation. (DE 1-3.) The Court, however, is not persuaded that Huddleston cannot be held liable purely because she did not personally seize the child.

On its face, § 1983 authorizes the imposition of liability upon a defendant who "subjects, or *causes to be subjected*, any citizen . . . or other person . . . to the deprivation of any rights" protected by federal law. 42 U.S.C. § 1983 (emphasis added). Plaintiff clearly alleges that Huddleston decided his child would be withheld and that the child was being held "on her authority." (DE 8-1 at 4–5.) The Court cannot conclude that Plaintiff has failed to allege facts tending to show Huddleston's actions led to a deprivation of Plaintiff's rights or A.C.'s rights contained in Counts II and VI.

The same cannot be said for A.C.'s claim asserted by Plaintiff in Count VII. This Count does not allege any involvement by Huddleston regarding the custody of A.C. during the period for which redress is sought. Plaintiff admits that "[o]n or about August 19, 2014 Kiara Huddleston was replaced as the active caseworker with Kerensa Northern." (DE 8-1 at 6.) Plaintiff also concedes that custody of A.C. was designated by court order after August 21, 2014. (DE 8-1 at 7.) Thus, Plaintiff has failed to allege facts sufficient to create a plausible claim for relief against Huddleston as described in the proposed Count VII. Accordingly, the amendment of Count VII would be futile.

### D. OBJECTIONS TO CLAIMS AGAINST NEW PARTIES

Huddleston has also raised a number of objections to Plaintiff's proposed claims against potential new Defendants on the grounds of futility. Even if Huddleston has standing to assert these objections, they are premature. *See Equal Employment Opportunity Comm'n v. Sage Realty Corp.*, 87 F.R.D. 365, 371 (S.D.N.Y. 1980) ("Determination of the liability of a proposed additional party should not be made upon a

motion to amend but rather after addition of the party at trial."). Huddleston does not assert undue delay, lack of notice, prejudice, or any other ground upon which this Court might properly deny an amendment to add parties. Alleged futility of claims against individuals who are not yet parties to the suit is not a proper basis for denying leave to amend.

### III. CONCLUSION

The Court will permit Plaintiff to amend his Complaint. Although Huddleston's dispositive motion (DE 1-3) is, consequently, mooted, the Court will not accept an amended complaint containing any futile claims. A permissible amended complaint would neither contain official capacity claims under § 1983 nor include Huddleston in Count VII.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's Motion for Leave to Amend the Complaint (DE 8) is **GRANTED IN PART** and **DENIED IN PART**.

2. Defendant Huddleston's Motion for Judgment on the Pleadings or, alternatively, Summary Judgment (DE 1-3) is **DENIED AS MOOT**, with leave to reassert the motion regarding the amended complaint.

3. Plaintiff shall **FILE** an amended complaint consistent with the rulings set forth in this Memorandum Opinion and Order within **fourteen (14) days** of its entry.

Dated September 25, 2015

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY